# EXHIBIT 1

IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY MARYLAND

HELEN SANDERS,
101 Rockville Pike
Rockville, Maryland 20852

c/o Daniel E. Kenney, Esq.
5425 Wisconsin Avenue, Suite 600
Chevy Chase, MD 20815

      Plaintiff,
v.

MANUFACTURERS AND TRADERS TRUST
COMPANY D/B/A M&T BANK
One M&T Plaza
Buffalo, NY 14203

c/o Resident Agent:
CSC-Lawyers Incorporating Service Company
7 St. Paul Street
Suite 820
Baltimore MD 21202

Defendant,

RECEIVED
JAN 1 7 2019
Clerk of the Circuit Court
Montgomery County, Md.

## COMPLAINT

Comes now the Plaintiff, Helen Sanders ("Sanders" or "Plaintiff"), by and through undersigned counsel, and hereby files the instant Complaint against Defendant, Manufacturers and Traders Trust Company ("M&T Bank or "Defendant") under Maryland and Federal law.

1

## THE PARTIES

1. Plaintiff is Helen Sanders (hereinafter referred to as "Plaintiff" is a resident of the state of Maryland.)

2. Plaintiff currently resides in Maryland.

3. At all times relevant to this complaint, Plaintiff was employed in the State of Maryland.

4. Plaintiff is over the age of eighteen (18).

5. Defendant, M&T Banks is a financial institution doing business in the State of Maryland.

6. Defendant operates multiple branches in the State of Maryland, employees hundreds of employees in the State of Maryland, and does millions of dollars of business in the State of Maryland with Maryland residents.

7. Defendant employees thousands of employees worldwide and has over a billion dollars in annual revenue.

8. Upon information and belief, M&T is engaged in substantial and systematic business contacts within the state of Maryland and with Maryland residents.

9. M&T is licensed to do business in the state of Maryland.

10. M&T has nominated agents for service of process to accept service in the state of Maryland.

## JURISDICTION

11. The Circuit Court for Montgomery County has jurisdiction over this matter.

12. At all times relevant to this complaint, M&T Defendant was conducting business in Montgomery County, Maryland.

13. At all times relevant to this complaint, Defendant employed Plaintiff and other employees in Montgomery County, Maryland.

14. Plaintiff brings her claims pursuant to the Maryland Fair Employment Practices Act, Maryland State Government Title §20-606, *et seq.*, 42 USC §1981 and Title VII of the Civil Rights Act of 1964.

15. Pursuant to Md. Courts and Judicial Proceedings Code §1-501 this Court has jurisdiction over this complaint.

16. The Circuit Court for Montgomery County has personal jurisdiction over the parties as described in ¶¶ 1-15, *supra.*

**FACTS**

17. Plaintiff, Helen Sanders is a female, over the age of 40, non US native born person from Ghana.

18. Ms. Sanders is of dark complexion and speaks with a foreign accent, consistent with non US native born persons from Ghana.

19. Plaintiff was hired by Defendant on November 2, 2015.

20. Beginning in November, 2015, Plaintiff was employed by Defendant as a Relationship Banker II (RBII).

21. As a Relationship Banker II, Plaintiff was responsible for: building customer relationships, opening accounts on behalf of customers, making sales of M&T financial products and similar duties.

22. Plaintiff was paid an hourly wage of $20.50/hour and was eligible for additional benefits.

23. From around 2015 to 2016, Plaintiff was supervised by Stella Budala. Ms. Budala is of Indian decent, is not Black / African and does not have an accent similar to Plaintiff's.

24. After Plaintiff began working under Ms. Budala, it became apparent that Ms. Budala was intent on singling Plaintiff out and treating her like a second-class employee as compared to Plaintiff's coworkers.

25. Plaintiff held the reasonable good-faith belief that treating Plaintiff like a second-class employee was due to Plaintiff's age, national origin, race and color.

26. Plaintiff was dissuaded from taking medical leave or personal leave to care for her son, even though other employees outside of Plaintiff's protected classes were routinely granted leave without issue.

27. Plaintiff was the only employee under Ms. Budala's supervision required to work every Saturday.

28. When Plaintiff requested to take every other Saturday off, Ms. Budala rejected her requests.

29. Notwithstanding, Ms. Budala granted the requests of other similarly situated employees outside of Plaintiff's protected class to work different schedules or to take Saturdays off.

30. In November, 2016, Plaintiff's juvenile son became seriously ill and was hospitalized.

31. Plaintiff requested leave from Ms. Budala to care for her son.

32. In response, Ms. Budala attempted to prohibit Plaintiff from taking leave.

33. Ms. Budala also made comments that Ms. Sanders was a "burden" on the bank.

34. Ms. Budala also made comments that Ms. Sanders' work product was deficient.

35. These statements were not true.

36. Around November 16, 2016 and continuing to her termination, Plaintiff began crying before, after and during work due to the treatment she suffered from Ms. Budala.

37. Plaintiff made attempts to separate herself from Ms. Budala. On one occasion, Plaintiff requested Defendant to transfer to a different store - outside of Ms. Budala's supervision. Plaintiff's request was denied.

38. In December, 2016, the pressure from the treatment by Ms. Budala became too great for Plaintiff, and Plaintiff sought medical treatment.

39. Plaintiff was treated by a Physician, who recommended that Plaintiff take medical leave until January 2, 2017.

40. Prior to January 2, 2017, Plaintiff made internal complaints to various employees within the bank that she believed that Ms. Budala was subjecting her to disparate treatment based on her race, national origin, age and/or color.

41. On January 20, 2017, Plaintiff was demoted from Relationship Banker II to Relationship Banker I.

42. The terms and conditions of employment as a Relationship Banker II versus a Relationship Banker I are materially different.

43. As a result of the demotion, Plaintiff's salary was decreased and Plaintiff's earned vacation time was stripped from her.

44. After the demotion, Plaintiff was assigned as a "pool employee" where she began reporting to Monica Clayton (White/Native U.S. Born).

45. Ms Clayton and Ms. Budala are friends and work closely together.

46. Ms. Clayton was aware that Plaintiff had complained about Ms. Budala's discriminatory treatment around the time that Plaintiff was reassigned to Ms. Clayton.

47. After she was reassigned, Plaintiff expressly told Ms. Clayton that Ms. Budala had discriminated and retaliated against her.

48. On April 21, 2017, Plaintiff and Ms. Clayton had a meeting wherein Plaintiff and Ms. Clayton specifically discussed the examples of discriminatory and retaliatory treatment by Ms. Budala against Plaintiff.

49. During this meeting, Plaintiff opposed what Plaintiff reasonably believed to be unlawful discrimination and retaliation in violation of MFEPA, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

50. Plaintiff was terminated from employment three days later on April 24, 2017.

51. Plaintiff has exhausted all administrative remedies prior to filing this action.

**COUNT I – DISCRIMINATION (RACE/COLOR) IN VIOLATION OF 42 U.S.C. §2000e, 42 U.S.C. §1981 and Maryland Code, State Government Article Title 20, Section 20-601, *et seq.***

52. Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

53. Plaintiff has satisfied all administrative exhaustion requirements for Plaintiff's claims under Count I.

54. Defendant discriminated against Plaintiff based on her race in violation of 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981 and Maryland Code, State Government Article Title 20, Section 20-601, et seq..

55. Plaintiff is a member of a protected class.

56. Plaintiff's race is Black/West African. Plaintiff's Color is Dark Black.

57. Plaintiff has suffered adverse employment actions because of her race/color.

58. Plaintiff was denied employment opportunities, Plaintiff was disciplined, Plaintiff was denied leave, Plaintiff was demoted, Plaintiff was subject to intimidation and ridicule by Plaintiff's supervisor and Plaintiff was terminated.

59. The aforementioned adverse actions adversely affected the terms and conditions of Plaintiff's employment.

60. At all times relevant to this Complaint, Plaintiff was successfully performing the functions of her position.

61. Defendant engaged in unlawful employment practices by treating Plaintiff differently than Plaintiff's similarly situated coworkers outside of Plaintiff's protected class with respect to the terms and conditions of Plaintiff's employment.

62. Defendant's actions were willful and malicious.

63. Defendant's actions were reckless.

64. Defendant's actions were motivated, in whole or in part, by Plaintiff's membership in the protected class.

65. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

66. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

67. For count I, Plaintiff seeks damages, including: back wages, front wages, compensatory damages, punitive damages, pre judgment interest, attorneys fees, costs, injunctive relief, and any other civil relief as authorized by 42 U.S.C. §2000e,

*et seq.*, 42 U.S.C. §1981 and Maryland Code, State Government Article Title 20, Section 20-601, et seq.

68. Plaintiff requests judgment on Count I in the amount of $1,000,000.00

## COUNT II – DISCRIMINATION (NATIONAL ORIGIN) IN VIOLATION OF 42 U.S.C. §2000e and Maryland Code, State Government Article Title 20, Section 20-601, *et seq.*

69. Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

70. Plaintiff has satisfied all administrative exhaustion requirements for Plaintiff's claims under Count II.

71. Defendant discriminated against Plaintiff based on her National Origin (non US native, Ghana) in violation of 42 U.S.C. §2000e, *et seq.* and Maryland Code, State Government Article Title 20, Section 20-601, et seq..

72. Plaintiff is a member of a protected class.

73. Plaintiff's National Origin is Ghana/West African/Non U.S. native.

74. Plaintiff has suffered adverse employment actions because of her national origin.

75. Plaintiff was denied employment opportunities, Plaintiff was disciplined, Plaintiff was denied leave, Plaintiff was demoted, Plaintiff was subject to intimidation and ridicule by Plaintiff's supervisor and Plaintiff was terminated.

76. The aforementioned adverse actions adversely affected the terms and conditions of Plaintiff's employment.

77. At all times relevant to this Complaint, Plaintiff was successfully performing the functions of her position.

78. Defendant engaged in unlawful employment practices by treating Plaintiff differently than Plaintiff's similarly situated coworkers outside of Plaintiff's protected class with respect to the terms and conditions of Plaintiff's employment.

79. Defendant's actions were willful and malicious.

80. Defendant's actions were reckless.

81. Defendant's actions were motivated, in whole or in part, by Plaintiff's membership in the protected class.

82. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

83. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

84. For Count II, Plaintiff seeks damages, including: back wages, front wages, compensatory damages, punitive damages, pre judgment interest, attorneys fees, costs, injunctive relief, and any other civil relief as authorized by 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981 and Maryland Code, State Government Article Title 20, Section 20-601, et seq.

85. Plaintiff requests judgment on Count II in the amount of $1,000,000.00

**COUNT III – DISCRIMINATION (AGE) IN VIOLATION OF the Age Discrimination in Employment Act and Maryland Code, State Government Article Title 20, Section 20-601,** *et seq.*

86. Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

87. Defendant discriminated against Plaintiff based on her age (over 40) in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and Maryland Code, State Government Article Title 20, Section 20-601, et seq..

88. Plaintiff is a member of a protected class.

89. Plaintiff was over the age of 40 at all times relevant to this complaint.

90. Plaintiff has suffered adverse employment actions because of her age.

91. Plaintiff was denied employment opportunities, Plaintiff was disciplined, Plaintiff was denied leave, Plaintiff was demoted, Plaintiff was subject to intimidation and ridicule by Plaintiff's supervisor and Plaintiff was terminated.

92. The aforementioned adverse actions adversely affected the terms and conditions of Plaintiff's employment.

93. At all times relevant to this Complaint, Plaintiff was successfully performing the functions of her position.

94. As described more fully above, Defendant engaged in unlawful employment practices by treating Plaintiff differently than Plaintiff's similarly situated coworkers outside of Plaintiff's protected class with respect to the terms and conditions of Plaintiff's employment.

95. Defendant's actions were willful and malicious.

96. Defendant's actions were motivated, in whole or in part, by Plaintiff's membership in the protected class.

97. Plaintiff administratively exhausted her remedies prior to filing this suit.

98. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

10

99. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

100. Plaintiff has suffered humiliation and damage to his reputation as a result of Defendant's actions

101. For Count III, Plaintiff seeks damages, including: back wages, front wages, compensatory damages, punitive damages, pre judgment interest, attorney's fees, costs, injunctive relief, and any other civil relief as authorized by the Age Discrimination in Employment Act *et seq.*, and Maryland Code, State Government Article Title 20, Section 20-601, et seq.

102. Plaintiff requests judgment on Count III in the amount of $1,000,000.00

**COUNT IV – RETALIATION IN VIOLATION OF 42 U.S.C. §2000e, 42 U.S.C. §1981, the Age Discrimination in Employment Act and Maryland Code, State Government Article Title 20, Section 20-601, *et seq.***

103. Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

104. Defendant retaliated against Plaintiff based on her protected complaints about unlawful race, age, color and national origin discrimination in violation of 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act, 42 U.S.C. §1981 and Maryland Code, State Government Article, Section 20-606, *et seq.*

105. Plaintiff engaged in protected activity by opposing discriminatory employment practices to Defendant's employees, Plaintiff's supervisor and Defendant's HR Department.

106. At the time, Plaintiff maintained a reasonable belief that she was opposing unlawful employment practices under 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981 and Maryland Code, State Government Article, Section 20-606, *et seq.*
107. When Plaintiff voiced the aforementioned opposition to Defendant, Plaintiff had the reasonable belief that she was opposing unlawful discriminatory employment practices.
108. Defendant and Defendant's agents were aware of Plaintiff's protected activity.
109. Plaintiff has suffered adverse actions because of her protected activity.
110. Defendant took the aforementioned adverse actions against Plaintiff because of her protected activity.
111. Defendant's adverse actions against Plaintiff were motivated, in whole or in part, by Plaintiff' protected activity.
112. There is a causal connection between Plaintiff's protected activity and adverse employment actions suffered by Plaintiff.
113. As described more fully above, Defendant engaged in unlawful employment practices by retaliating against Plaintiff for opposing discriminatory employment practices in violation of Maryland Code, State Government Article, Section 20-606, *et seq.*, 42 U.S.C. §2000e, *et seq* and 42 U.S.C. 1981.
114. Plaintiff administratively exhausted her remedies prior to filing this suit.
115. Defendant's actions were willful and malicious.
116. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

117. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendants actions.

118. For count IV, Plaintiff seeks damages, including: back wages, front wages, compensatory damages, punitive damages, pre judgment interest, attorneys fees, costs, injunctive relief, and any other civil relief as authorized by 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act 42 U.S.C. §1981 and Maryland Code, State Government Article Title 20, Section 20-601, et seq.

119. Plaintiff requests judgment on Count IV in the amount of $1,000,000.00

**JURY DEMAND**

Plaintiff demands a trial by jury on all counts.

Respectfully submitted,

Daniel E. Kenney, Esq.
DK Associates, LLC
5425 Wisconsin Avenue, Suite 600
Chevy Chase, MD 20815
202-430-5966 Phone
dan@dkemployment.com

Attorney for Plaintiff