**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **HELEN SANDERS,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK,**<br><br>   **Defendants.** | Civil Case No. 8:19-cv-01158-TDC |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Manufacturers and Traders Trust Company d/b/a M&T Bank ("Defendant"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff, Helen Sanders ("Plaintiff"), and states as follows:

**THE PARTIES**

1. Defendant admits that Helen Sanders is the Plaintiff in this matter. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint as alleged.

7. Defendant denies the allegations in Paragraph 7 of the Complaint as alleged.

8. The allegations in Paragraph 8 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

## JURISDICTION

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff seeks relief under the Maryland Fair Employment Practices Act ("Maryland FEPA"), 42 U.S.C. § 1981 ("Section 1981"), and Title VII of the Civil Rights Act of 1964 ("Title VII") but denies any wrongdoing, violation of law, or Plaintiff's entitlement to any relief whatsoever.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the Complaint.

## FACTS

17. Defendant admits that Plaintiff is a woman. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint as alleged.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that it hired Plaintiff as a Relationship Banker II. Defendant denies the remaining allegations in Paragraph 20 of the Complaint as alleged.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Stella Budala supervised Plaintiff from 2015 through the beginning of 2017. Defendant denies the remaining allegations in Paragraph 23 of the Complaint as alleged.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint as alleged.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint as alleged.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint as alleged.

36. Defendant denies the allegations in Paragraph 36 of the Complaint as alleged.

37. Defendant denies the allegations in Paragraph 37 of the Complaint as alleged.

38. Defendant is without sufficient knowledge or information to admit or deny Plaintiff's allegation that she sought medical treatment in December 2016. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff was transitioned from Relationship Banker II to Relationship Banker I. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42. Defendant admits the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff's compensation decreased when she transitioned from Relationship Banker II to Relationship Banker I. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations in Paragraph 44 of the Complaint.

45. Defendant admits that Ms. Budala and Ms. Clayton interact on work-related issues. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant admits the allegations in Paragraph 50 of the Complaint.

51. The allegations in Paragraph 51 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

## COUNT I
### Race / Color Discrimination under 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Md. Code Ann., State Gov't § 20-601 *et seq*.

52. Defendant adopts and incorporates herein by reference the foregoing answers to Paragraphs 1 through 51 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint as alleged.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant admits that Plaintiff seeks the relief described in Paragraph 67 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

68. Defendant admits that Plaintiff seeks the relief described in Paragraph 68 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

## COUNT II
### National Origin Discrimination under 42 U.S.C. § 2000e and Md. Code Ann., State Gov't § 20-601 *et seq*.

69. Defendant adopts and incorporates herein by reference the foregoing answers to Paragraphs 1 through 68 of the Complaint.

70. The allegations in Paragraph 70 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. The allegations in Paragraph 72 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant admits that Plaintiff seeks the relief described in Paragraph 84 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

85. Defendant admits that Plaintiff seeks the relief described in Paragraph 85 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

## COUNT III

### Age Discrimination under 29 U.S.C. § 621 *et seq*.
### and Md. Code Ann., State Gov't § 20-601 *et seq*.

86. Defendant adopts and incorporates herein by reference the foregoing answers to Paragraphs 1 through 85 of the Complaint.

87. The allegations in Paragraph 87 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

88. The allegations in Paragraph 88 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. The allegations in Paragraph 97 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant admits that Plaintiff seeks the relief described in Paragraph 101 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

102. Defendant admits that Plaintiff seeks the relief described in Paragraph 102 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

## COUNT IV
### Retaliation under 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Md. Code Ann., State Gov't § 20-601 *et seq*.

103. Defendant adopts and incorporates herein by reference the foregoing answers to Paragraphs 1 through 102 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Complaint.

110. Defendant denies the allegations in Paragraph 110 of the Complaint.

111. Defendant denies the allegations in Paragraph 111 of the Complaint.

112. Defendant denies the allegations in Paragraph 112 of the Complaint.

113. Defendant denies the allegations in Paragraph 113 of the Complaint.

114. The allegations in Paragraph 114 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

118. Defendant admits that Plaintiff seeks the relief described in Paragraph 118 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

119. Defendant admits that Plaintiff seeks the relief described in Paragraph 119 of the Complaint but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

## JURY DEMAND

Defendant objects to Plaintiff's prayer for a jury trial with respect to any claim, issue, or element of relief to which Plaintiff is not entitled to a jury trial as a matter of right.

## DEFENSES[1]

1. The Complaint fails to state causes of action, or facts sufficient to constitute any causes of action, upon which relief can be granted against Defendant.

2. Plaintiff's claims are barred to the extent they exceed the scope of the claims asserted in the underlying administrative charges filed with the EEOC and/or the Maryland Commission on Civil Rights.

3. If any allegations of unlawful conduct in the Complaint are true, any of Defendant's employees implicated in those allegations acted on their own, outside the scope of their employment, and in violation of Defendant's strict policies prohibiting such conduct.

4. Plaintiff's claims and request for relief are barred to the extent they were filed outside the applicable statute of limitations.

---

[1] By pleading the defenses herein, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish her alleged damages.

5. Plaintiff's claims and request for relief are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any inappropriate behavior, and Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant to otherwise avoid harm.

6. Plaintiff cannot state a claim of retaliation because she cannot establish that she engaged in protected activity.

7. Plaintiff cannot state a claim of retaliation because she cannot establish a causal connection between any protected activity in which she claims to have engaged and any adverse action she claims to have suffered.

8. Plaintiff's claims and request for relief are barred, in whole or in part, because Defendant at all times acted in good faith and without malice or intent to cause any harm to Plaintiff.

9. Plaintiff's claims and request for relief are barred, in whole or in part, because Defendant did not engage in conduct that was extreme and outrageous and/or intentional or reckless.

10. The conduct alleged in the Complaint is contrary to Defendant's good faith efforts to comply with applicable Maryland and federal law.

11. Any action taken by Defendant deemed violative of any law was not willful.

12. All actions taken with respect to Plaintiff were based on, and because of, legitimate, non-discriminatory, non-retaliatory reasons.

13. No actions taken by Defendant with respect to Plaintiff were based on or resulted from any discriminatory animus.

14. Plaintiff's claims and request for relief are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable damages.

15. Plaintiff's claims and request for relief are barred, in whole or in part, because Plaintiff did not suffer any damages caused by or attributable to any wrongful conduct by Defendant.

16. Plaintiff's claims and request for relief are barred to the extent they seek redress for physical or emotional injuries arising from Plaintiff's preexisting physical or mental conditions.

17. Plaintiff's claims and request for relief are barred to the extent that one, some, or all seek damages in excess of the caps on damages under applicable law.

18. Plaintiff's claims for damages are barred to the extent that Plaintiff failed to mitigate her damages.

19. In the event that Plaintiff prevails, which Defendant does not anticipate, any damages or backpay losses should be reduced by any and all interim earnings or additional amounts that Plaintiff earned or could have earned in the interim if she had satisfied her duty to mitigate damages.

20. Defendant will rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.

21. Defendant denies any allegation not specifically admitted herein.

22. Defendant reserves the right to amend this Answer to supplement or assert different or additional defenses or otherwise to amend any of its denials, averments, or defenses.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendant such other and further relief as this Court deems just and proper.

Date: April 26, 2019	Respectfully submitted,

	_/s/_
	Justin C. Eller (Bar No. 26393)
	JACKSON LEWIS P.C.
	2800 Quarry Lake Drive, Suite 200
	Baltimore, MD  21209
	(410) 415-2051 – Telephone
	(410) 415-2001 – Facsimile
	Justin.Eller@jacksonlewis.com

	*Counsel for Defendant, Manufacturers and Traders Trust Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of April, 2019, a true and correct copy of **Defendant's Answer to Plaintiff's Complaint** was served via the Court's CM/ECF system on all counsel of record.

___/s/___
Justin C. Eller
